## CATHARINE SINGER *vs.* PETER TROUTMAN.

To exempt a surety from liability by reason of the neglect and refusal of the creditor to collect the debt of the principal debtor while he was solvent, although requested to do so, by the surety, it must be shown that the creditor was requested to enforce the collection of the debt *by due process of law.* Nothing short of that, in such a case, will exonerate the surety.

Where the request was, that the creditor should " push " the principal debtor, " and keep pushing him ;" *Held*, that the words used had not the same legal significance as the words " prosecute or collect ;" that to give those terms the same legal significance, it was necessary not only that the creditor should have understood them in that sense, but that the surety should have meant and intended that also.

The terms in which such a request are made, are not material, but they should be unequivocal, and clearly and plainly intended and understood as a request to collect by prosecution.

A PPEAL from an order made at a special term, denying a motion for a new trial, before judgment. The action was upon a promissory note made by the defendant and one Jacob Troutman, dated October 24, 1862, by which the makers promised to pay the plaintiff $100, three months after date, with interest. The defense set up, in the answer, was that the note was signed by the defendant without consideration, and as surety for Jacob Troutman, the principal maker ; of which the plaintiff had notice at the time of making the note. That the plaintiff, at or about the time the note matured, made an agreement with Jacob Troutman, to extend the time of payment, thirty days, or more. That when the note became due, Jacob Troutman was perfectly solvent, and the same might have been collected out of his property. That after the said note became due, and while said Jacob Troutman was perfectly solvent as aforesaid, the defendant requested and demanded of said plaintiff that she should proceed immediately to collect said note ; but said plaintiff unreasonably and wholly neglected and refused to do so. That between the time of the maturity of said note, and the commencement of this action ; and since the aforesaid demands and requests of the defendant, that said plaintiff should collect said note,

the said Jacob Troutman had become totally insolvent ; and that the failure to collect said note of said Jacob Troutman before his insolvency, was entirely owing to the negligence and unreasonable delay of the plaintiff as aforesaid, against the express request, demand and direction of the defendant.

The action was tried before Justice WELLES, and a jury. The jury found a verdict for the plaintiff, for the amount of the note, with interest.

*Miller & Hawley,* for the appellant.

*Wm. Burroughs,* for the respondent.

*By the Court,* JOHNSON, J. The action was against the defendant as surety upon a promissory note. The defense was, that the plaintiff neglected and refused to collect the debt of the principal debtor, while he was solvent, although requested so to do by the defendant ; and that such principal had become wholly insolvent, at the time of the commencement of the action. The evidence on the question at issue, was conflicting, the defendant's evidence tending quite strongly to show that the plaintiff was requested, after the note became due, to collect it of the principal maker by the use of legal means. The plaintiff, on the other hand, testified that the defendant once asked her about the note, and learning that the principal debtor had not paid it, told her that she "must push Jacob ; he was getting so careless, and keep pushing him ;" that he did not request her to prosecute him, or to collect the note ; and that she did not understand that the defendant wanted her to sue. That she "didn't take it that way." There was no dispute, that the principal maker was solvent at the time the plaintiff was spoken to, nor that he was insolvent when the action was commenced and tried. The judge submitted the question to the jury, upon the testimony, to determine whether the defendant had, or had not,

Singer *v*. Troutman.

requested the plaintiff to enforce the collection of the note by legal means ; and instructed them that if he had done so, the plaintiff could not recover ; but if, on the contrary, they should find that the defendant only requested the plaintiff to push the principal, and keep pushing or urging him, only, and did not request her to collect by legal proceedings, the plaintiff would be entitled to a verdict for the amount due upon the note. No exception was taken to the charge. The defendant's counsel then requested the court to charge, that if the plaintiff understood the words " to push Jacob, (the principal debtor,) and keep pushing him," as sworn to by her as a request, in fact, to prosecute him or to collect the note, it was of the same legal effect as if the defendant had used the words prosecute or collect. The court refused so to charge, and the defendant's counsel excepted. This refusal presents the only question for review in the case. The request, as made, did not embody a sound proposition in law, and the judge properly refused to charge in accordance with it. If the request, by the defendant, was merely " to push Jacob, and keep pushing him," it was not a request to collect by legal proceedings, unless that was what the plaintiff meant, and intended by it. It might, and more naturally would be taken as a request merely to urge and importune. And if the plaintiff used those words, and merely intended that Jacob should be urged or importuned continuously, then there was no request to collect by legal proceedings, even had the plaintiff so understood it ; and the words had not the same legal significationn as the words " prosecute or collect." To give those terms the same legal significance, it was necessary not only that the plaintiff should have understood them in that sense, but that the defendant should have meant and intended that also. This latter portion was not embraced in the proposition. The true question was fairly and impartially submitted to the jury, to wit, whether the defendant had requested the plaintiff to enforce the collection of the note by due process

Singer *v.* Troutman.

of law. As I understand the rule, nothing short of that, in such a case, will exempt a surety from his liability. (*Remsen v. Beekman*, 25 *N. Y. Rep.* 552.) This should be held strictly as the rule, inasmuch as the surety has it always in his power, after the debt has become due, to pay it off himself, and take his legal remedy over against his principal. If he elects not to discharge his legal obligation in that way, he should at least be required to request the creditor, directly and clearly, to enforce collection of the principal by process of law. The terms in which the request is made, are not material, but they should be unequivocal, and clearly and plainly intended, and understood, as a request to collect by prosecution. He should never be absolved from his deliberate and valid promise, upon any doubtful or uncertain request not plainly intended and understood as a request to enforce collection by legal means.

The verdict cannot be set aside as against evidence. There was evidence on both sides, and it was for the jury to say where the truth lay. If there is an apparent preponderance on the side of the defendant, looking at the case, merely, it is not such as to enable us to say that the jury were in any respect misled, or were actuated by partiality or prejudice.

The order denying a new trial must, therefore, be affirmed, and judgment ordered for the plaintiff on the verdict.

[MONROE GENERAL TERM, June 3, 1867. *Welles, E. D. Smith* and *Johnson*, Justices.]