CLINTON GILBERT AND JAMES MARSH, EXECUTORS, ETC., OF JAMES MARSH, SR., DECEASED, APPELLANTS, *v.* MARY S. MARSH, EXECUTRIX, ETC., OF WALTER R. MARSH, DECEASED, RESPONDENT.

*Collateral securities — neglect of creditor to enforce — debtor not released by.*

Mere neglect on the part of a creditor in collecting securities, held by him as collateral to a debt, will not release the principal debtor.

APPEAL from a judgment in favor of the defendant entered on the verdict of a jury, and from an order denying a motion for a new trial.

*George P. Avery*, for the apppellants.

*Field & Deyo*, for the respondent.

DANIELS, J.:

The action was prosecuted to recover the amount unpaid on a promissory note made by the defendant's testator to the testator of the plaintiffs. There was no doubt as to the liability on the note if it had not been paid, and payment was only claimed to have been made by means of other notes, made by another person and secured by his mortgage upon real estate in the State of Tennessee, which were received by the plaintiffs' testator during his lifetime. This defense was controverted by the plaintiffs, who insisted that the other notes and mortgage were received only as security for the payment of the note made by the testator of the defendant, and the evidence in the case rendered the question so presented a proper one for the consideration of the jury. In the charge of the learned justice presiding at the trial that was very properly and clearly submitted to them for their consideration. But after its delivery he was requested by the counsel for the defendant to charge, "that if the plaintiffs were guilty of negligence in collecting the notes and mortgage" they could not recover; and in response to that proposition the learned justice stated that he should "leave it to

the jury to say, whether the evidence established that there has been negligence on the part of the executors of James Marsh in collecting these notes;" and to that the plaintiffs' counsel excepted. This exception was clearly well taken. The jury could very naturally, and probably did infer from what was said to them responsive to this request that neglect in that respect, on the part of the plaintiffs, would constitute a defense; and in the condition of the evidence on the other point that may very well have been the cause of the verdict which they rendered in favor of the defendant.

The position taken was wrong for several reasons. No evidence had been given tending to establish such a defense, and it had not been alleged in the answer. In addition to that the proposition itself was unsound, for mere neglect on the part of the plaintiffs in collecting the collaterals was not a defense against the principal demand. No authority has extended as far as that. The most that has been held, is that the surety may be exonerated by the neglect of the creditor only when he has been requested to proceed and collect the securities held by him by means of legal proceedings; and his negligent failure to do so afterwards has resulted in injury to the surety in consequence of their depreciation or loss. (*Pain* v. *Packard*, 13 Johns., 174; *Fulton* v. *Matthews*, 15 id., 433; *Singer* v. *Troutman*, 49 Barb., 182; *Black River Bk.* v. *Page*, 44 N. Y., 453; *Wells* v. *Mann*, 45 id., 327.) The request made and substantially charged failed to bring the proposition submitted within these authorities. And even if it had been alleged as a defense and proved by the evidence it could not, for that reason, be allowed to prevail. The judgment should be reversed and a new trial ordered, with costs to abide the event. And as that renders it unnecessary to consider the appeal from the order, that may be dismissed without costs.

DAVIS, P. J., and BRADY, J., concurred.

Judgmen reversed, new trial ordered, costs to abide event.