Henry W. Hunt, Respondent, *v.* Thomas H. Purdy et al., Appellants.

*It seems* the doctrine that a surety may give the creditor notice to proceed against the principal, and if he refuses, to the damage of the surety, the latter is discharged, is not a favorite in the law, and will not be applied with laxity.

The surety must at least give a notice clearly informing the creditor that he is required to take proceedings in the courts to enforce the obligation.

If a sufficient notice has been given, and has not been observed by the creditor, the surety will not be relieved of liability, unless the failure to observe the notice resulted in injury to him; and the burden of showing this is upon him.

In an action to foreclose a mortgage, wherein defendant F. was sought to be held liable as surety, it appeared that about four weeks before the bond accompanying the mortgage became due, F. told the plaintiff to collect the mortgage, "and not to let it run over the time it is due." The court found that when the bond and mortgage became due the obligor was hopelessly insolvent, and had so remained; there was no finding or request to find that the property would then have brought more than at present, nor was there any evidence as to the extent of the depreciation in value, if any. *Held*, that the notice was insufficient to base a claim thereon that F. was discharged by a delay in bringing an action to foreclose.

Also, that F. failed to show any injury resulting from the delay.

(Argued October 12, 1880; decided November 9, 1880.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

This action was brought to foreclose a mortgage.

Defendant Field was sought to be charged personally upon a guaranty of the payment of the mortgage and accompanying bond. He defended on the ground, among others, of laches on the part of plaintiff in enforcing collection after notice so to do, to his damage. By the terms of the bond, in case of non-payment of interest for thirty days after due, the principal became due at the election of the obligee. A payment of interest fell due May 23, 1875, which was not paid, nor was any payment made thereafter.

The court found that in January or February, 1875, defendant Field had a conversation with plaintiff, to the following effect: Field asked plaintiff whether he had received the interest on the mortgage; plaintiff answered that he had not; Field then said, "collect that mortgage in the spring; do not let it run over the time it is due." The court also found that in January, 1875, the obligor and mortgagor was hopelessly insolvent, and had so remained ever since, that Field "did

not give notice sufficient or otherwise to plaintiff in order to release said Field," and directed judgment against Field for any deficiency, and judgment was perfected accordingly. The action was commenced in January, 1878.

Further facts appear in the opinion.

*J. S. Millard* for appellants. The facts shown established a release of the surety. (*King* v. *Baldwin,* 17 Johns. 384; *Remsen* v. *Beekman,* 25 N. Y. 552; 40 id. 181; *McMurray* v. *Noyes,* 72 id. 523.) The surety should have been allowed for the depreciation in the property caused by the laches of the creditor. (*Barhydt* v. *Ellis,* 45 N. Y. 107.)

*Edward T. Lovatt* for respondent. In order to exonerate a surety by delay to proceed against the principal, the surety must show a full and explicit notice or request to the creditor to proceed without delay, an improper neglect to do so, and that thereby recovery of the debt from the principal has been lost. (13 Johns. 174; 17 id. 384; *Valentine* v. *Farrington,* 2 Edw. 53; *Warner* v. *Beardsley,* 8 Wend. 194; *Hoffman* v. *Hulbert,* 13 id. 377; 28 N. Y. 552.) The burden of proof is upon defendant to show positively that Mr. Purdy was solvent in 1875. (53 Barb. 547; *Fulton* v. *Mathews,* 15 Johns. 433; *Merrit* v. *Lincoln,* 21 Barb. 249.) Also that the property has decreased in value since the giving of the mortgage. (*Black River Bank* v. *Page,* 44 N. Y. 453.)

FOLGER, Ch. J. The finding of the trial court is conclusive upon the issue of a usurious contract. The testimony was conflicting; and that as to the lack of knowledge and intent upon the part of the plaintiff so positive that the finding is sustained.

The testimony is also conflicting as to the notice to foreclose. The additional findings, however, sustain the claim of the defendant, that he told the plaintiff to " collect that mortgage in the spring, and not to let it run over the time it is due." That saying was in January or February, 1875. The trial court

found that it did not give notice, sufficient or otherwise, to plaintiff to discharge Field from his liability, even if there had been negligence on the part of the plaintiff in enforcing the collection; and it refused to find that the plaintiff was guilty of such negligence. On these findings and refusals to find, the defendant does not establish a defense. Even if a sufficient notice had been given, and not observed by the plaintiff, the defendant Field would not have been relieved of liability, un-. less the failure of the plaintiff to observe the notice had resulted in injury to the defendant; and it could have so resulted only in one way. If when the notice was given, the plaintiff could lawfully have put the bond and mortgage in force and then have collected thereby more than he can now collect thereon in this action, the defendant would be harmed. The plaintiff could not have then collected more on the bond, unless the plaintiff was then solvent and is now insolvent, or unless the mortgaged premises would then have brought more at judicial sale than now. Now the testimony does not make it clear that the mortgagor was then more solvent and able to pay than now. There was an attempt to show it; but the testimony is such that we cannot say that there was not evidence to sustain the finding made, that Purdy, at the time when the mortgage could first have been enforced by legal proceedings, was hopelessly insolvent, and has so remained. Nor does the testimony show that a judicial sale would have then brought more than it now will. There is no finding made or asked to that effect. There is testimony that when the notice was given, the lands were not worth the mortgage; and there is testimony that at a time after that and before the commencement of the action, it was worse in that regard. But there is no testimony of how it was in that respect at the time of the trial, or when the answer was put in. Nor is there testimony at all to show the extent of the depreciation of the lands in value, nor how much, if any thing, the defendant should be relieved from liability. So that the trial court might well find that the plaintiff was not chargeable with negligence productive of damage to the defendant. The burden was upon the defendant to show solvency

of Purdy at the time of the notice, and insolvency of him after the bond was capable of being sued.

But there is a more radical reason why the defendant has not established the defense. The doctrine that a surety may give the creditor notice to proceed against the principal, and if the latter refuses to the damage of the surety, the obligation of the surety is discharged or diminished, is not a favorite in the law, and is not accepted in all forums. (3 Kent's Comm. *124, note *c.*) It was against opposition that it was adopted into the law of this State. (See *King* v. *Baldwin*, 17 Johns. 384, 390, 396, 397, 402; *Colgrove* v. *Tallman*, 67 N. Y. 95, 99.) It is not one that is to be applied with laxity. It is certainly to be required that the surety shall deal fairly and plainly with the creditor, and shall give him to know that he intends to put him upon his equitable duty. In my judgment, the terms of his notice should be such, as that the creditor can know from them, that he is called upon by it to choose between a diligent pursuit of the principal debtor, or a reliance upon that debtor alone for ultimate satisfaction of the debt. It is not needed that we hold that much in this case. But we may hold that the notice to the creditor should clearly inform him that he is required to take proceedings in the courts to enforce the mortgage. (*Singer* v. *Troutman*, 49 Barb. 182; citing *Remsen* v. *Beekman*, 25 N. Y. 552; see, also, the language of SPENCER, Ch. J., in 17 Johns., *supra*, at page *394.) We infer that the finding of the trial court, that the defendant did not give notice sufficient or otherwise to plaintiff, in order to release said Field, has in it the idea above put forth. The notice was given in January or February, 1875. There was nothing due and payable, by the condition of the bond, until the 23d day of May of that year. The plaintiff might well have understood the defendant to mean that when the bond became payable, payment should be asked for; he was not forced by the words used, at the time when they were used, to understand that collection by legal proceedings was meant. The words of the notice do not convey only the idea of a collection enforced by action, as in 25 N. Y. (*supra*.) They do not convey, of necessity,

given at the time when it was, that the plaintiff was required to seek the aid of the courts.

For these reasons, we think that the judgment should be affirmed.

All concur.

Judgment affirmed.