SAMUEL D. COYKENDALL, RESPONDENT, *v.* ABRAM CONSTABLE AND OTHERS, APPELLANTS, IMPLEADED WITH WILLIAM H. DE GARMO.

*Notice by sureties to a creditor to proceed against the principal — when held to be insufficient — effect of giving such notice to the attorney of the creditor.*

This action, brought by the plaintiff upon a joint and several promissory note signed by the defendants (the defendant, De Garmo, being the principal debtor, and the other defendants his sureties), was defended by the sureties upon the ground that, before the note was transferred to the plaintiff by the payee, they had been discharged by the payee's delay in prosecuting the maker after sufficient notice so to do had been given by the sureties. Upon the trial, evidence was given showing that Derby, one of the sureties, at the request of the two other sureties, went to the attorney of the payee who then owned the note, and, ascertaining that the attorney had the note for collection, asked if he had notified De Garmo, and if he had heard from him, to which the attorney answered : "Yes ; he says he will pay it ; he wants a little time;" that Derby then said : "By request of Mr. Constable and Mr. Terwilliger (the two sureties) I came here, and would urge the collection of the note."

*Held,* that, within the authorities, the notice had no legal effect upon the rights of the holder of the note.

*Colgrove* v. *Tallman* ( 67 N. Y., 95 ; 5 Hun, 103) distinguished.

*It seems* that notice to the attorney is not sufficient.

APPEAL from a judgment in favor of the plaintiff, entered in Ulster county, upon the report of a referee.

The action was brought upon a joint and several promissory note, dated January 20, 1874, for the payment of $1,000, with interest, to

Carl Peters or bearer one day after date, signed by the defendants. The defendant De Garmo was the principal debtor, and the other defendants were his sureties. The case has been twice tried. Upon the former trial the question was, whether the plaintiff bought the note or paid it. The facts bearing upon that issue are stated in the report of the case upon appeal (99 N. Y., 309). The question upon this trial was, whether the sureties had been discharged by the delay in prosecuting the maker after sufficient notice from the sureties.

*John J. Linson* and *G. G. & J. B. Keeler,* for the appellants.

*S. L. Stebbins,* for the respondent.

LANDON, J. :

That the note was transferred to the plaintiff, and not paid by him, was held by the Court of Appeals. (99 N. Y., 309.) The facts touching that question have not been changed upon this trial.

It is now claimed by the appellants that the sureties, before the note was transferred to the plaintiff, directed its former owner to collect it of the maker; that its collection might then have been enforced, and that the plaintiff acquired the note subject to the equities of the sureties, and the rights acquired by them by such notice; that the plaintiff delayed prosecution until the maker became hopelessly insolvent; that the sureties, in consequence of the manner in which the note was transferred, supposed it was paid, and were, therefore, deterred from taking any steps to protect themselves.

The difficulty with the case on the part of the sureties is, they did not give Peters, the holder of the note, clear and explicit notice that they required him to proceed with the prosecution of the note. The notice, as found by the referee, was as follows: Derby, one of the sureties, at the request of Constable and Terwilliger, the other sureties, went to Mr. Lyon, the attorney of Peters, the then owner of the note, and, ascertaining that he had the note for collection, asked, "Have you notified De Garmo, the maker?" Lyon answered, "Yes." Derby asked, "Have you heard from him?" Lyon answered, "Yes, he says he will pay it, he wants a little time." Derby then said, "By request of Mr. Constable and Mr. Terwilliger, I came here and would urge the collection of the note." When it

is considered that the effect claimed to result from such a notice is to require the holder of the note to proceed with reasonable diligence to enforce by suit his remedy against the maker, under penalty of a discharge of the sureties if delay prove injurious to them, it must be admitted that such a conversation is a mild form of notification of the severe penalty to which the sureties purpose to expose the holder. They do not ask him even to sue the maker. They seem to be afraid or unwilling to speak of compulsory measures. They would urge its collection, but how, they refrain from stating. Within the authorities. the notice had no legal effect upon the rights of the holder of the note. (*Maier* v. *Canavan*, 8 Daly, 272; *Hunt* v. *Purdy*, 82 N. Y., 486; 5 Wait's Actions and Defenses, 235; *Denick* v. *Hubbard* 27 Hun, 347.)

*Colgrove* v. *Tallman* (67 N. Y., 95) is cited in support of the notice here given. No point is made in the Court of Appeals upon the form of the notice. Referring to the case in this court (5 Hun, 103), we learn that Tallman & Barnes, as partners, gave their firm note to the plaintiff, and soon after dissolved their partnership, Barnes assuming the payment of all the debts. Tallman thereupon wrote the plaintiff informing him of the dissolution, the sale of his interest to Barnes, and that Barnes had assumed to pay the debts of the firm, and requested the plaintiff to proceed to collect his note immediately. Such a written request admits of but one meaning. "To proceed to collect immediately" means a resort to legal remedies.

This notice was given to the attorney, and not to the owner of the note. If the owner was thereby placed in peril, it does not appear that he ever knew it. He had no occasion to urge his attorney to diligence. It is said, in *Hunt* v. *Purdy*, that the doctrine that the surety may give the creditor notice to proceed against the principal, and if the latter refuses to the damage of the surety, the obligation of the surety is discharged or diminished, is not a favorite in the law. Cases are cited in 5 Wait's Actions and Defenses, 236, to the effect that notice to the attorney is not sufficient. Such a rule seems to be in consonance with sound principles. Terwilliger, one of the sureties, said to Peters, after the latter had placed the note in the attorney's hands for collection, " I have already got notice informing me of it ; that is all right, collect.

it; if he," meaning the maker, " don't pay it, then I will pay it."
Peters, the holder, certainly would be justified in supposing that.
Terwilliger did not mean to try to escape liability as surety.   The
sureties complain of the finding of the referee that no legal injury
was done them by the failure to prosecute the maker after request
to collect.   In the view we take of the case, they are not in a position
to diminish the amount of their liability by the amount of the
pecuniary injury they may have suffered.   The other objections.
urged do not strike us as of sufficient force to require discussion.

The judgment should be affirmed, with costs.

LEARNED, P. J., and INGALLS, J., concurred.

Judgment affirmed, with costs.

48   363
121a 666

48   363
4ap221

48   363
32ap244

48   363
39ap142