PETER LAWSON, Appellant, *v.* TIMOTHY BUCKLEY, Sued With DANIEL BUCKLEY, Respondent.

*Notice by a surety to the creditor to enforce his claim — when not sufficiently explicit to be effective.*

In an action brought upon a note, signed by each of the two defendants therein, it was claimed by one of them that he was simply a surety for the other, and that the plaintiff was aware of this. It was also claimed that such surety had said to plaintiff, about three months after the note was made, "You must make Daniel (the other defendant) come to time this fall; you know it is the best time for making money with farmers;" and that no proceedings had been taken by the plaintiff to enforce the note in pursuance of this direction.

This direction having been set up as a defense in the action.

*Held,* that the direction in this case was not to take legal proceedings, and was not sufficiently explicit to constitute a defense to the action.

That it was a defense which should not be favored, as the surety had the remedy in his own hands and could pay up the debt, as by its terms he had agreed to do, and could then sue the principal.

APPEAL by plaintiff from a judgment in favor of defendant, entered upon a verdict at the Washington County Circuit.

The action was upon a joint and several promissory note for $200 and interest,. made by the defendants, payable to the order of the plaintiff one day after date, no part of which had been paid. The answer of Timothy Buckley, without controverting any of the allegations of the complaint, alleged that he signed the note for the accommodation of Daniel Buckley and without consideration; that plaintiff knew this, and agreed that he should be liable as surety only one year; that at the end of a year he requested plaintiff to collect the note of Daniel; that then Daniel was solvent and able to pay the note; that plaintiff neglected and Daniel became insolvent..

*J. M. Whitman*, for the appellant.

*D. J. Sullivan*, for the respondent.

LEARNED, P. J. :

This is an action on a note signed by both defendants. Nothing on the note shows that Timothy was surety. Nothing that is proved. as to the negotiation of the note shows that the plaintiff was then told that Timothy was surety. But Timothy now claims that he was in fact surety and that plaintiff knew this. And probably there is evidence to sustain this. He also claims that he told plaintiff, about three months after the note was made, that he must " make. Daniel come to time this fall," and that since that time Daniel has. become unable to pay.

This kind of defense is one that should never be favored. It is, not just. The surety has the remedy in his own hands. He can pay up the debt as by its terms he has agreed to do, and can then sue this surety. So that if he fears. the insolvency of the surety he. has abundant remedy. The doctrine came into this State against. opposition. The same judge of the Court of Appeals who stated it rather strongly in *Colgrove* v. *Tallman* (67 N. Y., 95) said in. *Hunt* v. *Purdy* (82 id., 486), that it was not a favorite and is not. to be applied with laxity. (See, to the same effect, *Newcomb* v. *Hale*, 90 N. Y., 326.)

In *Hunt* v. *Purdy* the court say that, at least, the notice to the creditor should clearly inform him that he is required to take proceedings in the courts. To the same effect is *Howe Machine Company* v. *Farrington* (82 N. Y., 121, 131), " explicit notice or

request to the creditor to take legal proceedings to collect the debt." Here this case fails. The only notice by Timothy to plaintiff is testified to by plaintiff himself. "You must make Daniel come to time this fall, you know it is the best time for making money with farmers." Now, this did not direct plaintiff to take legal proceedings. Timothy and Daniel were brothers. If Timothy wished plaintiff to sue Daniel at the peril of losing his claim on Timothy in case of neglect, he should have said so unequivocally. Very possibly he did not wish to direct the plaintiff, in express terms, to sue, lest Daniel should blame him for so doing. The testimony above cited is all that is shown to have been said by Timothy. Plaintiff testifies that to satisfy Timothy he replied he would see Daniel about the note and see what he had been trying to do. So that this reply does not indicate that the request of the plaintiff implied that legal proceedings were to be taken. A motion to set aside the verdict as against evidence was denied. The case has been argued on the supposition that appeal has been taken. And the case shows that it contains all the evidence. It seems to me, therefore, that there was not evidence to sustain the defense.

Judgment and order reversed, new trial granted, costs to abide event.

INGALLS, J., concurred.

LANDON, J. (dissenting):

As the answer denied none of the allegations of the complaint, but set forth an affirmative defense, the defendant held the affirmaative and was entitled to open and close the case.

The note was given April 1, 1881. The defendant, Timothy Buckley, signed it as surety for his brother Daniel. This seems to have been sufficiently shown. About three months after the date of the note Timothy said to the plaintiff, "you must make Daniel come to time this fall; you must know that it is the best time for making money with the farmers in the fall." The plaintiff, who testifies to this, also testifies: "I saw Dan a month or two after and told him I have to collect that note by Tim's orders, or take the consequences." The plaintiff did not make the objection upon the trial which he urges here, that the demand made by Timothy of the plaintiff to proceed against Daniel was not a demand to take legal

proceedings. If he had, possibly further testimony would have been given. Timothy did not testify at the trial, besides the plaintiff understood that he was to take legal proceedings if necessary. We do not think we ought to disturb the verdict upon this ground.

Plaintiff moved for a verdict upon the ground that there was no evidence showing that Daniel was not worth as much now as he ever was. It was incumbent upon the defendant to show that Daniel was solvent in the fall of 1881. The evidence is that he owned a farm of seventy acres, worth sixty dollars per acre, incumbered by a mortgage of $2,500; "no other claim upon the farm." He had cows, horses and other property, worth $446, making a total over the mortgage of $2,151; that he has no property now. He did not testify whether he then owed other debts besides the mortgage. He was not asked.

Upon his cross-examination he testified: "Q. Tell me where you have lost a dollar since then? A. In paying interest money and raising my family. Q. If you paid interest money, it was on what you owed then? A. Yes, sir. Q. Then you did not lose it? A. No, sir. Q. You are worth a good deal less than you were in 1881? A. I have lost it paying debts." He also testified that he had incurred debts since 1881, and that he was not worth as much now as then; that he had a wife and family of ten children.

Now, it is true that he does not, in terms, say that he owed no other debts in 1881 than the mortgage; but, from the statement he did make, we think the jury were at liberty to find that he was solvent in 1881, and had since then consumed his property in paying the interest upon the mortgage and in supporting his family. The question was fairly left to the jury, and we think the judgment must be affirmed.

Judgment and order reversed, new trial granted, costs to abide the event.