Nov. Term,
1861.

HALSTEAD
v.
BROWN.

Monday,
December 2.

---

HALSTEAD *v.* BROWN.

No other judge than the one who tried the cause can correct a bill of exceptions.

It is only by virtue of our statute, that a surety may give notice to the creditor to sue, and secure his release if suit is not brought. No such doctrine was recognized in this State as a part of the common law, and under the statute the notice must be in writing.

The giving of time by the creditor to the principal debtor will discharge a surety only when the agreement was upon a valid consideration; and a promise to pay illegal interest, or the paying up of interest already due, is not such a consideration.

Monday,
December 2.

APPEAL from the *Sullivan* Common Pleas.

PERKINS, J.—This was a suit upon a promissory note, made in *Ohio*, and bearing 10 per cent. interest upon its face. The suit was against a surety. Judgment below for the plaintiff. The amount involved invited and justified the very elaborate and able briefs that have been filed, but the case is a plain one. A bill of exceptions was corrected and signed by the judge who tried the cause.

The appellant contended that the bill was incorrect, and procured a mandate from the Supreme Court to the judge below to correct it, or show cause, &c. The mandate was served, but no return was made by the judge. On a rule for attachment, the return was, that the judge was dead. If the judge who tried the cause could have corrected the bill without the consent of both parties, a point we do not decide, (see *Heaston* v. *The Cincinnati, &c., Co.*, 16 Ind. 275,) we think no other judge could, and that the remedy in that particular was at an end. See Perk. Prac. 312; *ex parte, Bradstreet,* 4 Pet. Sup. Ct. (U. S.) Rep., p. 102. The judge signs, or refuses to sign, a bill of exceptions upon his own recollection of the facts of the case, refreshed as it may be from any sources existing.

The defenses set up in bar of the suit were: 1. Usury. 2. Failure to sue the principal, upon notice. 3. Giving time to the principal, without the consent of the surety.

The note, as we have seen, drew 10 per cent. interest. It was shown by a statute of *Ohio*, that this rate was legal. It was proved, however, that the maker of the note actually paid, by agreement with the payee, 12 per cent. But usury, it was shown by the *Ohio* statute, did not vitiate the note, but might be applied as payment upon the principal sum. It was so applied in this case. See *Clearwater* v. *Cloon*, 2 Handy's O. Reports. There is no such doctrine recognized in this State, as a part of the common law, that a surety by giving notice, either verbal or written, to the creditor to sue, can secure his release. It was not shown that any written notice was given by the surety to the payee to sue, nor were the terms of any verbal notice even shown. But the notice, to be of any effect, should have been in writing. Ind. Dig., p. 703; *Craft* v. *Dodd*, 15 Ind. 380; *Colereck* v. *McCleas*, 9 Ind. 235; *Rome* v. *Buchtel*, 13 Ind. 381; Greenleaf's Overruled Cases, case "*King* v. *Baldwin*," p. 211 of 3d ed. This is because the notice is of any effect, simply by virtue of our statute; and that gives effect only to a notice in writing. Leading Cases in Equity, Vol. 2, Part 2, top p. 378.

As to the giving of time, it must be by a new promise, founded upon a valid consideration, to operate to discharge the

Nov. Term, surety.  Otherwise, he is not prejudiced.  *Kirby* v. *Stude-*
1861.    *baker*, 15 Ind. 45.  Giving time upon a promise to pay illegal
SMALLHOUSE interest, is not upon a valid consideration.  *Shaw* v. *Bin-*
v.    *kard*, 10 Ind. 227.  Giving time upon paying up interest
THOMPSON. already due, is not upon a valid consideration.  *Shook* v.
*The State*, 6 Ind. 113; *Shook* v. *The Board, &c.*, *id.* 461;
*Dickerson* v. *The Board, &c. id.* 128.  In the case at bar,
we are satisfied no interest was paid in advance.  See *Mc-*
*Comb* v. *Kittridge*, 14 O. Rep. 348.

*Per Curiam.*—The judgment is affirmed, with 1 per cent.
damages and costs.

*S. Coulson*, for the appellant.

*Scott* and *Gunn*, for the appellee.