## HILL v. SHERMAN et al.

1. DISCHARGE OF SURETY. A surety seeking to discharge himself from liability on a promissory note, in the method provided by chapter 75 of the Revision of 1860, must comply fully with the requirements of the statute.

2. SAME. Under the statute, the payee or holder of a note may, upon receiving proper notice from the surety, elect to either sue on the note himself, or permit the surety to do so.

3. SAME: NOTE. A note from a surety to the payee of a note, demanding only that the payee shall commence an action against the principal, is not sufficient, under the statute, to discharge such surety, if the creditor neglects or refuses to comply with the demand.

*Appeal from Scott District Court.*

SATURDAY, DECEMBER 12.

THE facts are stated in the opinion.

*Bennett & Whitcomb* for the appellant.

No appearance for the appellee.

BALDWIN, Ch. J. — This action is upon a note signed by defendants as makers. The facts found by the Court are: 1st. That Smith was surety for Sherman, as alleged in his answer, and that plaintiff knew it. 2d. That Smith, on or about June, 1859, wrote to the plaintiff, who resided in Pennsylvania, informing him that he wished him to see to collecting the note in suit, of Sherman, and that he (Smith) did not intend to stand bail any longer. . This letter was received by plaintiff, but he never answered it, and brought no suit till May, 1861. Upon these facts the Court found as conclusions of law the following:

1. That the defendant Smith, as surety, is not discharged under chapter 75 of the Revision of 1860; that the defense is purely statutory, and defendant, to avail himself of it, must comply fairly with all the requirements of the statute.

2. The creditor, and not the surety, has the election which he will do, sue himself, or allow the surety to do so in his name.

3. Under the above view, it is not essential to decide whether the letters of Smith to plaintiff even amounted to a demand to bring suit.

Judgment being rendered thereon, Smith appeals, and assigns this ruling as erroneous.

The statute referred to reads as follows: "When any person, bound as surety for another for the payment of money or the performance of any contract in writing, apprehends that his principal is about to become insolvent, * * * if a right of action has accrued on the contract, he may, by notice, require the creditor to sue on the same, or permit the surety to commence suit in such creditor's name, and at the surety's cost. If the creditor refuse to bring suit, or neglect so to do for ten days after the request, or does not permit the surety to do so, * * * the surety shall be discharged."

It is found by the Court that the defendant, Smith, sustained the relation of a surety on the note, and this fact was known to the creditor.

The principal having failed to pay the note at its maturity, the surety had the right, under the statute, to demand that some action should be taken by the creditor to enforce the payment by the principal. A notice was given by the surety in this case, and the only question for the Court to determine was whether this notice was sufficient to compel the creditor to take immediate action in the premises.

As stated by the Court, the defense is purely statutory, and unless made in conformity with its requirements, can not be maintained.

Taking the section as above given in connection with the following, and there can be no doubt as to the right of the payee to elect whether he shall, on such notice, sue himself, or permit the surety to do so.

This subsequent section reads thus: "If the creditor refuse to bring suit, or neglect so to do for ten days after the request, and does not *permit* the surety so to do," &c. If the holder or payee of the note has the right of election, the argument of counsel for appellant is incorrect, as it is assumed that the notice of the surety may be in the alternative, that is, it is claimed that the surety has the right to

demand that the creditor shall sue on the note, or to demand that he shall permit the surety to sue. If the surety has the right to compel the creditor to sue, or compel him to permit the surety to do so, the right of the creditor to elect, as is evidently contemplated by the subsequent section, is denied.

Holding, as we do, that this right of election is conferred on the creditor, the surety must give such notice as the statute designates before he can claim to be discharged — that is, he must notify the creditor to sue, or to permit him to do so. The notice in this case was defective under this construction of the statute.

Affirmed.