Kaufman *v.* Wilson.

*R. S. Dwiggins* and *S. P. Thompson,* for appellants.

*E. P. Hammond* and *T. J. Spitler,* for appellee.

---

## KAUFMAN *v.* WILSON.

SURETY.—NOTICE TO SUE.—The following notice, sent by telegraph to the holder of a note, by one who was surety on the note, was held not to be sufficient, under the statute, to require the holder to sue, viz: "Express A's note to Esquire *Bennett* for collection, to-day. Don't fail."

APPEAL from the *Bartholomew* Common Pleas.

ELLIOTT, J.—Suit by *Kaufman,* the appellant, against *Noland & Philips,* and *Wilson,* the appellee. *Noland & Philips* were duly served with process, but made default, and judgment was rendered against them. The suit was on a promissory note for $175. *Wilson* appeared and filed an answer, alleging that he was only the surety of *Noland & Philips* on said note, and that on the 25th of *May,* 1867, he sent to the plaintiff a notice by telegraph, which the latter

received on the same day, as follows, viz: "*S. Kaufman,*
No. 219 *East Washington* street, *Indianapolis, Indiana:* Ex-
press *Noland & Co.'s* note to Esquire *Bennett,* for collection,
to-day. Don't fail. *May* 25, 1867." [Sig'd] "*Josiah Wilson.*"
It is also alleged that Esquire *Bennett* was a justice of the
peace of *Wayne* township, in *Bartholomew* county, *Indiana,*
where all of the defendants resided; that the plaintiff did
not send the note to *Bennett,* as directed, nor did he com-
mence suit thereon until the 18th of *June,* 1867, at which
time this suit was instituted; that at the date of said notice,
*Noland & Philips* were solvent, and if the note had been
sent to said *Bennett* for suit, it might have been collected
from them, and said *Wilson* would have been saved harm-
less, but that *Noland & Philips* afterwards, before the suit
was instituted on said note, became insolvent. A demurrer
to this paragraph was overruled, to which the appellant
excepted. Issue was then taken on it, and on the final
hearing judgment was rendered in favor of *Wilson.* The
whole question in the case is presented by the demurrer to
the answer.

The code provides that "any person bound as surety
upon any contract in writing for the payment of money, or
the performance of any act, when the right of action has
accrued, may require, by notice in writing, the creditor or
obligee forthwith to institute an action upon the contract.
If the creditor or obligee shall not proceed within a rea-
sonable time to bring his action upon such contract, and
prosecute the same to judgment and execution, the surety
shall be discharged from all liability thereon." 2 G. & H.,
§§ 672, 673, pp. 307, 308.

The Common Pleas was the first court held in *Bartholo-
mew* county after the date of the notice, and the suit was
commenced in that court and process served on the parties
more than ten days before the commencement of the term;
but the amount of the note was within the jurisdiction of a
justice of the peace, and it is insisted by the appellee that,
under the statute and notice, the appellant had no choice of

forums, but was bound to sue before a justice of the peace, as a judgment could sooner be recovered there, and that it was unreasonable to delay suit until the sitting of the Court of Common Pleas. It is also urged by the appellant that a notice by telegraph is not a notice in writing, within the meaning of the statute. We do not find it necessary to pass upon either of these questions, as the notice, for other reasons, is radically defective. It does not require the appellant to institute an action forthwith upon the contract or note, but to express it, that day, to Esquire *Bennett* for collectioͦn. How was it to be collected? For aught that appears, it was the intention of *Wilson* to pay it, or, that if sent to Esquire *Bennett*, it would be paid by *Noland & Philips*.

It is alleged in the answer that *Bennett* was a justice of the peace of *Wayne* township, in *Bartholomew* county, where the makers of the note resided; but no such information is contained in the notice. The appellant resided in *Indianapolis*, and was there notified to send the note to Esquire *Bennett* for collection; but who Esquire *Bennett* was, or where he resided, or in what capacity he was expected to act, whether as an attorney or justice of the peace, does not appear by the notice. It was not the province of *Wilson* to direct in whose hands the note should be placed for collection, but by notice in writing to require the appellant forthwith to institute an action on the note against the principals; and if he failed to do so in a reasonable time, *Wilson*, as the surety, would have been discharged. Such was not the notice given. It did not discharge *Wilson*, and the court erred in overruling the demurrer to the answer. The judgment must therefore be reversed.

The judgment is reversed, with costs, and the cause remanded, with instructions to the court below to sustain the demurrer to the answer, and for further proceedings not inconsistent with this opinion.

*R. Hill* and *G. W. Richardson*, for appellant.

*W. Herod* and *W. W. Herod*, for appellee.