Fensler *v.* Prather.

---

## FENSLER *v.* PRATHER.

43 119
126 13

43 119
129 570

43 119
131 341

PARTNERSHIP.—*Part Payment by one Partner.—Effect of.—Consideration.— Principal and Surety.*—Two partners, owing debts and having assets, dissolved partnership, and, by agreement, one partner was to retain all the assets, and pay all the debts, and manage and close up the business.  The partner who had withdrawn from the management of the business, desiring a discharge from further personal liability on a certain note made by said firm and held by one of the creditors thereof, acquainted such creditor with the facts of the partnership arrangement, and proposed to pay him one-half the amount of said note, the creditor to relieve him from further liability and look to the effects in the hands of the former partner and to such partner personally for the other half; which proposition the creditor accepted, and one-half the amount of said note was then paid accordingly.

*Held*, that such part payment was not a sufficient consideration for the promise to release the party making it as to the remainder.

*Held*, also, that the arrangement between the partners and the part payment of the note did not so change the relations between the former partners as to make the one who made part payment a surety for his former partner for the payment of the residue, so as to bring them within the provisions of the statute, secs. 672, 673, pp. 306, 307, 308, 2 G. & H. To enable a party to proceed under that statute, it may be laid down as a general rule that he must have been a surety at the inception of the contract.

*Held*, also, that if the statute governing principals and sureties did apply, a notice from the surety to the creditor, that "if you think" such surety "in any way liable, you will take notice to proceed accordingly and legally," did not conform to the statute, so as to require the creditor forthwith to sue on the note.

From the Bartholomew Common Pleas.

*W. W. Herod* and *F. Winter*, for appellant.

*S. Stansifer*, for appellee.

Downey, C. J.—This was an action by Fensler, the appellant, against Prather, the appellee, and one Valhowe, upon a promissory note executed by the defendants, as partners, in their firm name of Prather & Valhowe, to Fensler. Valhowe having become bankrupt, the action as to him was dismissed, and therefore no further notice of him as a party need be taken.

Prather answered as follows: 1. Payment.

" 2. That after the execution of said note, defendants dissolved their said partnership, and by the terms of the dissolution, said Valhowe retained all outstanding liabilities in favor of said firm, and was to collect them and apply the proceeds of collections to the payment of the outstanding liabilities of the firm, including said note, and if there was a deficiency of assets to pay the debts, this defendant was to contribute his portion, and if an excess, said Valhowe was to account to this defendant for his portion of the excess. Thereafter, on the day of the date of the payment endorsed on said note, this defendant, being desirous of a discharge from further personal liability on said note, and acquainting plaintiff with the facts herein set forth, proposed to plaintiff to pay him one-half of said note, if he would release and discharge

him from further liability upon the note, and look to said effects in the hands of his co-defendant and to him personally for the residue; which proposition plaintiff then accepted, and defendant paid him the one-half of said note, which is the, same indorsed on said note.

" 3. After the execution of said note, defendants dissolved their said partnership, and by the terms of the dissolution, this defendant was to pay one-half of said note, and said Valhowe the other half; and thereafter, on the 8th day of August, 1868, this defendant paid his half of the note, which is the same payment indorsed thereon; and thereafter, to wit, on the —— day of ————, 1868, the plaintiff being aware of said agreement, this defendant served a written notice on plaintiff to forthwith sue on said note, which the plaintiff failed and refused to do until the commencement of this action, which was on the 11th day of September, 1871.

" 4. After the execution of said note, this defendant and said Valhowe dissolved said partnership, and by agreement between them, said Valhowe retained all outstanding debts and liabilities in favor of the firm, and was to collect the same and pay all debts against the firm, including said note, and if there was a deficiency of partnership assets, this defendant was to contribute his portion of the deficiency, and if an excess, said Valhowe was to account to this defendant for his portion; and with the payment made on said note by this defendant hereinafter mentioned, and with other moneys contributed by this defendant on account of said debts and liabilities, all of his private funds, said debts and liabilities that were available, so retained, were amply sufficient to pay all debts and liabilities against the firm. On the 8th day of August, 1868, this defendant paid the said plaintiff one-half of said note, which is the payment endorsed thereon; and thereafter he served a written notice on plaintiff, who was not ignorant of the foregoing arrangement and agreement between this defendant and said Valhowe, to forthwith sue on same, which he failed and neglected to do

until the —— day of September, 1871, when this action was commenced."

The plaintiff demurred separately to the second, third, and fourth paragraphs of the answer; the demurrers were each overruled, and he excepted. He then closed the issues by a general denial of all the paragraphs of the answer. There was a trial of the issues by a jury, a verdict for the defendant, a motion for a new trial overruled, and judgment on the verdict.

The errors assigned in this court are the overruling of the several demurrers to second, third, and fourth paragraphs of the answer, and the refusal to grant a new trial.

The second paragraph of the answer relies upon the payment by Prather of part of the debt, all of which was due at the time, as a consideration for his discharge from the payment of the residue. This is not a sufficient consideration to support the promise to release him. *Shook* v. *The Board of Comm'rs, etc.,* 6 Ind. 461; *Halstead* v. *Brown,* 17 Ind. 202; *Kingan* v. *Gibson,* 33 Ind. 53. Payment of a smaller sum in satisfaction of a greater liquidated debt only operates as a discharge *pro tanto,* and cannot in law discharge the whole debt without some valid consideration for abandoning the residue. But payment of a smaller sum may amount to a discharge of a larger debt, where it is made under a valid agreement to that effect; as where it is agreed to be paid at an earlier day, where it is agreed to be paid by a third party, or where it is paid as a composition for the debt under an arrangement between the debtor and his creditors. Payment of a smaller sum in satisfaction of a larger amount claimed for an unliquidated demand may operate as a valid discharge; so payment of a smaller sum, under an agreement to abandon a defence to an action and pay costs, may be pleaded in satisfaction of a larger demand. A negotiable security for a smaller amount given and accepted in satisfaction of a larger debt will operate effectually in discharge of it. Leake Law of Con. 474, 475.

The third and fourth paragraphs are in substance the same,

and their sufficiency must be determined by the same rule. They each allege in substance that upon a dissolution of the co-partnership between the makers of the note, Valhowe was to collect the assets of the firm and pay its debts, Prather agreeing to pay his share of any deficit; that the said assets were available and sufficient to pay the debts of the firm; that on the 8th day of August, 1868, which was after the maturity of the note, Prather paid the plaintiff, who was aware of his agreement with Valhowe, one-half of the amount of the note sued on, and thereafter served on the plaintiff a written notice to forthwith sue on the note, which he did not do until he commenced this action. The question here is, did this arrangement between the makers of the note, and the payment of one-half of the amount of the note by Prather, bring the case within sections 672, 673, pp. 306, 307, and 308, 2 G. & H.? The first of these sections reads as follows: "Any person bound as surety upon any contract in writing for the payment of money, or the performance of any act, when the right of action has accrued, may require, by notice in writing, the creditor or obligee forthwith to institute an action upon the contract."

The other section is as follows: "If the creditor or obligee shall not proceed within a reasonable time to bring his action upon such contract, and prosecute the same to judgment and execution, the surety shall be discharged from all liability thereon."

The right of a surety thus to require the creditor to sue on the contract, or if he do not the surety will be discharged, is statutory, and it is right that it shall only be exercised in those cases which come fairly within the statute. *Halstead* v. *Brown, supra.* We think it may be laid down as a general rule, that to entitle a party to proceed under the statute in question, he must have been a surety at the inception of contract. We will not say that the rule may not have exceptions, but none occur to us now. The language of the statute as to the persons who may have the remedy is, "any person bound as surety upon any contract in writing,"

etc. The contract here referred to is intended to be the original contract by which the parties became bound to the payee or obligee, and not a subsequent contract between the principal makers of the instrument, to which the payee or obligee is not a party. It means a contract by which the surety is bound to the payee or obligee as surety, and not one in which he was and is bound to the payee or obligee as one of the principal joint makers or obligors in the contract. Such, we think, is the clear sense of the language used.

We are of the opinion, therefore, that the third and fourth paragraphs of the answer are also bad, and that the demurrers to them should have been sustained.

Among the reasons for a new trial, it was alleged that the court erred in admitting in evidence the notice which was served on the plaintiff by Prather notifying him to sue on the note. The notice is as follows:

"JONESVILLE, Ind., 24th February, 1870.
MR. FREDERICK FENSLER:

"*Dear Sir,* I feel that what I have paid on account of Reason W. Prather and Herman A. Valhowe, for money borrowed in business for firm of Prather & Valhowe, is fully paid as to Prather. Now if you think R. W. Prather is in any way liable, you will take notice to proceed accordingly and legally.

"Yours Respectfully,

"R. W. PRATHER."

This is not such a notice as is alleged to have been given in the third and fourth paragraphs of the answer. In the third, it is alleged that the notice required the plaintiff "to forthwith sue on the note." In the fourth, it is alleged that the notice was "to forthwith sue on the same." The statute says that the surety "may require, by notice in writing, the creditor or obligee forthwith to institute an action upon the contract." In *Kaufman* v. *Wilson,* 29 Ind. 504, the notice was as follows: "S. Kaufman, No. 219 East Washington street, Indianapolis, Indiana: Express Noland

& Co.'s note to Esquire Bennett, for collection, to-day. Don't fail. May 25th, 1867." Signed, "Josiah Wilson." The notice was sent by telegraph, and it was objected that this could not be done, and also that the surety could not require the creditor to sue before a justice of the peace. The court, however, without deciding these questions, held that the notice was insufficient. The court say : " It does not require the appellant to institute an action forthwith upon the contract or note, but to express it, that day, to Esquire Bennett for collection," etc. And, again, it is said: " It was not the province of Wilson to direct in whose hands the note should be placed for collection, but by notice in writing to require the appellant forthwith to institute an action on the note against the principals ; and if he failed to do so in a reasonable time, Wilson, as the surety, would have been discharged. Such was not the notice given." So far as the language just quoted seems to mean that the notice should be to institute an action against the principals only, it may not be correct. But we think the court was correct in holding that the notice should require the creditor forthwith to institute an action upon the contract. In our judgment, the notice given by Prather to the plaintiff did not so conform to the statute as to require the plaintiff forthwith to sue upon the note, and that, had the case been one to which the statute applied, it would have been insufficient.

A question is made as to the correctness of certain instructions given by the court, and as to the sufficiency of the evidence, but we think it unnecessary in the present view of the case to examine and decide them.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrers to the second, third, and fourth paragraphs of the answer of Prather, and for further proceedings.