Franklin v. Franklin.

FRANKLIN *v.* FRANKLIN.

No. 7294.

CONSTRUCTION OF REMEDIAL STATUTE.—A party who seeks the benefit of a purely statutory remedy must bring his case fairly within its terms.

SAME.—*Section* 672 *of the Code.*—Section 672, 2 R. S. 1876, p. 276, is remedial, and should receive a fairly liberal and beneficent construction, in aid of the purpose it was designed to accomplish.

PRINCIPAL AND SURETY.—*Notice to Sue.*—A written notice by a surety on a note to the holder thereof, directing him to proceed at once to collect the same, that the principal therein was fully able to pay such note, is a sufficient notice under section 672 of the code to require such holder " forthwith to institute an action " thereon.

SAME.—*Promissory Note.*—*Answer of Surety.*—*Demurrer.*—To an action upon a joint and several promissory note, the defendant answered that he executed it as surety for B.; that after the maturity of the note, and before the death of B., he gave notice in writing to the plaintiff, that B. was then fully able to pay said note, and directing him to proceed at once to

collect the same, which he disregarded; but such answer did not show but that the death of B. occurred so soon after the service of such notice as to prevent the beginning of an action on such note, and failed to allege that he left in the county or State any estate on which administration had been or could be granted, or that he ever lived in the State, or could have been sued in any of the courts thereof.

*Held,* that the answer was insufficient on demurrer.

From the Owen Circuit Court.

*D. E. Beem* and *W. Hickam,* for appellant.

*W. M. Franklin* and *S. O. Pickens,* for appellee.

WOODS, J.—The appellee sued and recovered judgment against the appellant upon a promissory note, of which the following is copy :

" $100. On or before the 25th day of December next, we or either of us promise to pay to the order of Thomas M. Franklin, Jr., one hundred dollars, for value received of him, bearing interest at ten per cent. from date.   This August 28th, 1865.

(Signed,) .                        " HIRAM BRAY,
                                   " JOHN FRANKLIN."

The death of Hiram Bray was averred in the complaint. The appellant filed an answer in two paragraphs, namely :

1.  A general denial ;

2.  Admitting the execution of the note, but averring that the appellant executed it as surety for Bray, who executed the same as principal; that, at and after the maturity of the note and before the death of Bray, appellant gave to the appellee " written notice, informing him that Bray, the said principal, was then fully able to pay said note, and directing him to proceed at once to collect the same, which notice plaintiff failed to obey ;" that said Bray was solvent when said notice was served and abundantly able to pay said note.   Wherefore, etc.

To this answer as a whole, the appellee filed a demurrer for the alleged insufficiency of the facts averred to constitute a defence to the plaintiff's cause of action, which de-

murrer the court sustained and rendered judgment *nil dicit.* The appellant excepted to the ruling on the demurrer.

The only question discussed in the briefs is the sufficiency of the notice set out in the second paragraph of the answer. The exact question made in the briefs is whether a notice " to proceed at once to collect the note " is a compliance with section 672, which requires a notice " forthwith to institute an action upon the contract."  As this remedy is purely statutory, one seeking its benefits must bring his case fairly within its terms. *Fensler* v. *Prather,* 43 Ind. 119 ; *Halstead* v. *Brown,* 17 Ind. 202 ; *Kaufman* v. *Wilson,* 29 Ind. 504. At the same time the statute is remedial and should receive a fairly liberal and beneficent construction, in aid of the purpose which it was designed to accomplish. In this view, we think it may well be said that a notice "to proceed at once to collect," coupled as it was with an averment of the solvency of the principal obligor, could have been understood as meaning nothing else than a requirement " forthwith to institute an action" on the note. But while we hold the notice good, there are, it seems to us, fatal objections to the plea. Bray's death is admitted, and it is not shown but that it occurred so soon after the service of the notice as to prevent the bringing of an action, and it is not averred that he left in the county or State any estate on which administration had been or could be granted. Indeed, it is not shown that he ever lived in the State or could have been sued in any of the courts thereof. See *Whittlesey* v. *Heberer,* 48 Ind. 260 ; *Rowe* v. *Buchtel,* 13 Ind. 381.

There is no assignment of error except upon the sustaining of the demurrer to the second paragraph of the answer. The manifest error in sustaining it to the first paragraph is not before us.

The judgment is affirmed, with costs.