No. 9817.

DAILY, ADMINISTRATOR, *v.* ROBINSON.

PRINCIPAL AND SURETY.—*Notice to Sue.—Discharge of Surety.—Statute Construed.—Promissory Note.—Decedents' Estates.*—Suit brought in June, 1881, on a promissory note against one of two makers, averring the death and insolvency of the other. Answer that the defendant executed the note as surety for the deceased maker, who died in the county the owner of a

Daily, Administrator, *v.* Robinson.

large estate there, and that the plaintiff was his administrator, the estate yet being unsettled and pending in that court; that in January, 1880, after such death, the defendant served a notice on the plaintiff to sue forthwith, pursuant to R. S. 1881, section 1210; that the plaintiff did not sue within a reasonable time, or bring any proceeding upon the note until the institution of this suit.

*Held,* that the answer was good under the statute.

From the Clark Circuit Court.

*G. H. D. Gibson,* for appellant.

*M. C. Hester,* for appellee.

BLACK, C.—The appellant, Harrison Daily, administrator of the estate of David W. Daily, deceased, brought his action in the Clark Circuit Court, on the 14th of June, 1881, against the appellee, upon a promissory note executed to appellant on the 30th of October, 1878, payable one year after date, by the appellee and one Philip M. Daily jointly, the complaint alleging that said Philip M. Daily was dead, that his estate was hopelessly insolvent, and that he was hopelessly insolvent at the time of his death and for a long time prior thereto.

A demurrer to the second paragraph of appellee's answer was overruled, and this ruling presents the only question discussed by counsel.

In said second paragraph the appellee admitted the execution of the note sued on, but said that he executed it only as surety for said Philip M. Daily, who was the sole principal, and received the entire consideration; that, after the execution of the note, said Philip M. Daily died, in said Clark county, possessed of a large estate, personal and real, in said county; that afterward, on the 15th of November, 1879, said Harrison Daily was appointed by said Clark Circuit Court administrator of the estate of said Philip M. Daily, deceased, and then accepted said trust and entered upon the duties thereof; that since said last mentioned date said estate of said Philip M. Daily, deceased, had been and yet was pending for settlement in said court, and during all said time said Harrison Daily

had been and yet was the administrator thereof; that, on the 26th of January, 1880, appellee served upon and delivered to appellant a notice in writing requiring him forthwith to institute an action upon said contract for the collection thereof, as follows:

" To Harrison Daily, administrator of the estate of David W. Daily, deceased: You are hereby notified to institute forthwith proper legal proceedings to collect the note given to you as administrator of said decedent by Philip M. Daily as principal and the undersigned as surety, for $832.48, dated October 30th, 1878; else I shall claim to be released therefrom.

"Nov., 1879.                    JACOB ROBINSON."

Said second paragraph further alleged that appellant did not proceed within a reasonable time after said notice to bring his action upon said note, or to institute any proceedings whatever for the collection thereof, and that he wholly failed so to do until the institution of this suit.

Sections 672 and 673 of the code of 1852 provided, as do sections 1210 and 1211, R. S. 1881, that "Any person bound as surety upon any contract in writing for the payment of money or the performance of any act, when the right of action has accrued, may require, by notice in writing, the creditor or obligee forthwith to institute an action upon the contract; " and " If the creditor or obligee shall not proceed within a reasonable time to bring his action upon such contract, and prosecute the same to judgment and execution, the surety shall be discharged from all liability thereon."

The question is presented by the second paragraph of appellee's answer, whether a notice from the surety to the creditor, after the death of the principal debtor and pending the settlement of his estate by administration, is within the meaning of the statute.

In *Whittlesey* v. *Heberer*, 48 Ind. 260, an answer much like that of appellee was under discussion, and it was said that, conceding, without deciding, that in a proper case a creditor upon notice from a surety would be required to pursue the

estate of a deceased principal, in order to preserve the liability of the surety, yet, as the creditor could not be required to go out of the State to sue, the answer then in question was defective, in that it did not show where the principal died, or where the estate alleged to have been left by him was situated, and because it did not show that administration had been had upon his estate.

In *Franklin* v. *Franklin*, 71 Ind. 573, the notice was alleged to have been given before the death of the principal; but the answer was held bad, as it did not show but that his death occurred so soon after the service of the notice as to prevent the bringing of an action, and it was not alleged that he left in the county or State any estate on which administration had been or could be granted, and it was not shown that he ever lived in this State, or could have been sued in its courts.

Under a statute which provided that a surety might, by writing, require "the person having such right of action forthwith to commence suit against the principal debtor and other parties liable," it was held, in *Hickam* v. *Hollingsworth*, 17 Mo. 475, that the surety could not, after the death of the principal, exonerate himself by notifying the creditor to present his claim against the estate of the principal, the case not being within the meaning of the statute. There was, perhaps, such a difference between the terms of the notice, in that case, and the requirement of the statute, as to make the notice insufficient, aside from the question here to be decided, under our statute.

The right of the surety to give such notice to the creditor has not been regarded, in this State, as part of the common law. It is purely statutory, and, while the statute is remedial, one seeking its benefit must bring his case fairly within its terms. *Halstead* v. *Brown*, 17 Ind. 202; *Driskill* v. *Board*, *etc.*, 53 Ind. 532; *Franklin* v. *Franklin*, *supra*.

The object of judicial interpretation of statutes is to ascertain the meaning which the citizen is authorized to consider

as intended by the Legislature. The purpose of this statute seems to be to provide for the surety a mode by which, with-out himself first paying the debt and instituting proceedings for his reimbursement against the principal or his estate, he may put the matter in such a situation that it will be necessary for the creditor to take the initiative, and that further unreasonable delay of the creditor to do so will release the surety. The necessity placed upon the creditor by the notice from the surety has been sometimes likened to the requirement of diligence from the assignee of a promissory note. *Rowe* v. *Buchtel*, 13 Ind. 381; *Bernitz* v. *Stratford*, 22 Ind. 320; *Conklin* v. *Conklin*, 54 Ind. 289.

It has been held that such a notice does not operate as a requirement to sue the surety alone, as no suit against him is necessary to enable him to secure any rights against the principal. *Rowe* v. *Buchtel*, *supra*; *Conklin* v. *Conklin*, *supra*. The note might have been filed as a claim against the estate of the deceased principal, or a joint action might have been instituted thereon against the surety and the personal representative of the principal. *Braxton* v. *State, ex rel.*, 25 Ind. 82; *Stanford* v. *Stanford*, 42 Ind. 485; *Milam* v. *Milam*, 60 Ind. 58.

So far, then, as to institute an action upon the contract within a reasonable time and prosecute it to judgment, the notified creditor could comply with the letter of the statute; but the statute provides that he shall prosecute to execution also. If the principal had been living, and the creditor had sued the surety and the principal together, the surety would have been entitled to an order directing the sheriff to first levy the execution upon, and exhaust, the property of the principal, before a levy should be made upon the property of the surety. If, the principal being dead, the creditor had sued the surety and the administrator together, no ordinary execution could have been obtained against the estate, which must be settled by administration, its debts being paid in the order of preferment prescribed by statute. The surety would

not be entitled to an order which would delay the creditor by compelling him to await the settlement of the estate of the principal before collecting his money from the surety. *Johnson* v. *Meier*, 62 Ind. 98; *Hayes* v. *Hayes*, 64 Ind. 243.

But where the action is against the surety and the living principal, there can be no judgment or order affecting in any manner the proceedings of the creditor, either before or after final judgment. Sec. 674, code of 1852; R. S. 1881, sec. 1212; *Smith* v. *Muncie National Bank*, 29 Ind. 158; *Johnson* v. *Meier*, *supra*. And in such cases the surety may sometimes be compelled to pay the judgment and himself wait on the principal. Yet he is not for that reason deprived of his right by notice to require the bringing of the action.

The statute is remedial, and should be liberally construed for the benefit of the surety. The expression is particular, but the reason is general. The meaning may be expanded so as to cover the purpose of the Legislature.

We think the case of the parties to this action is fairly within what it may be supposed the Legislature intended as the meaning of the statute. The judgment should be affirmed.

Per Curiam.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at the costs of the appellant.