Filed April 20, 1886.

---

No. 12,556.

## SCALES ET AL. *v.* COX.

PRINCIPAL AND SURETY.—*Promissory Note.—Notice to Creditor to Sue Must be Given After, and not Before Action Accrues.*—The notice which section 1210, R. S. 1881, provides a surety may give to the creditor, requiring him to forthwith institute suit on the contract, to be available for the surety's discharge on the ground of delay, must be given when the cause of action has accrued, and not in advance of that time.

SAME.—*Remedial Statute.—Abridgment of Common Law Right.*—Such section being an abridgment of a common law right of the creditor, relief under it must be sought according to its express terms.

From the Pike Circuit Court.

*E. A. Ely, W. F. Townsend* and *M. Fleener,* for appellants.

*E. P. Richardson* and *A. H. Taylor,* for appellee.

NIBLACK, C. J.—This action was commenced on the 8th day of June, 1885, and was brought by William H. Cox against Thomas J. Scales, Jarrett Stilwell and William Bass, upon a promissory note for $500, dated the 18th day of Sep-

tember, 1882, and payable twelve months after date, with eight per cent. interest from date.

Scales made default. Stilwell and Bass answered together : *First.* In general denial. *Secondly.* Admitting the execution of the note, but averring that they executed the same as the sureties, and as the sureties only, for their co-defendant, Scales ; that they, the said Stilwell and Bass, on the 26th day of February, 1883, delivered to the plaintiff a notice in writing, requiring him to institute an action upon the note described in the complaint when the same should become due, and notifying him that if he should fail to so institute an action, they would no longer be responsible for the payment of the note ; that the plaintiff, notwithstanding such notice, failed and neglected to institute suit on such note up to and until the time of the commencement of this action ; that at the time of the maturity of said note their co-defendant, Scales, was, and has ever since continued to be, a resident of the county of Pike, in this State, and was for a year thereafter solvent and able to pay the amount due upon the note.

The circuit court sustained a demurrer to this second paragraph of the answer of Stilwell and Bass, and a finding and judgment for the plaintiff for the amount of the note, with interest, thereupon ensued.

The only question made here is upon the sufficiency of the paragraph of the answer of Stilwell and Bass, to which a demurrer was sustained as above stated. Section 1210, R. S. 1881, provides that "Any person bound as surety upon any contract in writing for the payment of money or the performance of any act, when the right of action has accrued, may require, by notice in writing, the creditor or obligee forthwith to institute an action upon the contract."

The ensuing section 1211 declares that, "If the creditor or obligee shall not proceed within a reasonable time to bring his action upon such contract, and prosecute the same to judgment and execution, the surety shall be discharged from all liability thereon."

Scales *et al. v.* Cox.

The remedy provided, and the contingent relief afforded, by the foregoing sections, are purely statutory, and hence have no common law origin or common law precedents. *Halstead* v. *Brown*, 17 Ind. 202; *Driskill* v. *Board, etc.*, 53 Ind. 532.

While the general rule is that a remedial statute ought to be liberally construed, where its proper application rests upon some question of mere construction, this rule does not authorize a departure from any of the plain provisions of such a statute. Section 1210, above set out, is, as it was clearly intended to be, a remedial statute, but it is, also, a statute which authorizes an arbitrary abridgment of the common law right of the creditor or obligee to extend such indulgence as he might choose to extend to his debtor or obligor. The case presented, therefore, is one in which all parties interested must rely upon the express terms of the section in question, where relief under it is sought to be obtained. *Driskill* v. *Board, etc., supra.*

As has been seen, the statutory right of a surety to require the creditor to *forthwith* institute suit upon the contract, in which he has become surety, only matures when a right of action has accrued to the creditor, and hence only when such an action may be *forthwith* commenced.

It follows that the giving of the notice contemplated by section 1210, of the present code, in advance of the time of the accruing of an action to the creditor, is not a substantial compliance with the provisions of that section. *Root* v. *Dill*, 38 Ind. 169; *McCoy* v. *Lockwood*, 71 Ind. 319; *Daily* v. *Robinson*, 86 Ind. 382; *Cochran* v. *Orr*, 94 Ind. 433.

That the mere neglect or delay of a creditor to bring suit upon a promissory note, or other contract in writing, when no proper notice has been given to him requiring him to sue, does not discharge a surety, is well settled by our decided cases. See *Cochran* v. *Orr, supra.*

The judgment is affirmed, with costs.

Filed April 23, 1886.