Barnes v. Mowry.

No. 15,147.

## BARNES v. MOWRY.

PLEADING.—*Complaint.*—*Exhibits.*—It is only proper to make an instrument an exhibit when it is the foundation of an action. Any other exhibit will be disregarded.

PRINCIPAL AND SURETY.—*Creditor's Inaction.*—*When Surety not Released.*—A creditor does not lose his right to hold the surety by inaction or passiveness except in cases where the surety has taken such steps as compel the creditor to proceed or lose his claim.

SAME.—*Release of Surety.*—*Notice to Creditor to Proceed.*—A surety is not released by the failure of the creditor to proceed against the principal until the surety has complied with the statutory provision by notifying the creditor to proceed against the principal. The surety can only obtain his release by following the provisions of the statute in his behalf.

SAME.—*Institution of Suit.*—*Notice.*—A suit, no matter what its character, can not operate as a notice so as to release a surety.

From the Decatur Circuit Court.

*J. S. Scobey,* for appellant.

*W. A. Moore,* for appellee.

ELLIOTT, J.—The appellee's complaint counts upon a promissory note executed by the appellant and William Sammons. Default was suffered by Sammons, and an answer and a cross-complaint were filed by the appellant, but they were held bad on demurrer.

The pleadings of the appellant make exhibits of copies of the record in a former action between the same parties, but as the record is not the foundation of either of the pleadings the exhibits can not be considered. It has been decided time and time again that it is bad pleading to overload a record with exhibits, and that it is only proper to make an instrument an exhibit when it is the foundation of the cause of action or of the defence. The cases are too numerous for citation, and the rule too firmly settled to excuse, much less require, discussion. The exhibits must be, and they are, wholly disregarded.

Laying out of consideration, as we must do, the exhibits,

the allegations of the answer are, in substance, these: That the defendant is the accommodation surety of Sammons; that the plaintiff has at all times known that fact; that, on the 15th day of February, 1889, the defendant instituted an action against Mowry, Sammons and others; that summons was therein issued and served; that Sammons and Mowry appeared; that during the February term of the court in which the action was pending the plaintiff had ample time to take judgment on the note in suit; that he did not at that term, nor at the April term, 1889, institute any action, but delayed until the September term of that year; that during the pendency of the action brought by the defendant the plaintiff knew that Mowry was solvent; that, confederating with Sammons to prevent and delay the defendant from securing himself from liability, as surety, the plaintiff refused to take steps to enforce the collection of the note.

This answer is plainly bad. A creditor does not lose his right to hold the surety by inaction or passiveness except in cases where the surety has taken such steps as compel the creditor to proceed or lose his claim. *Philbrooks* v. *McEwen,* 29 Ind. 347; *Vance* v. *English,* 78 Ind. 80; *Gipson* v. *Ogden,* 100 Ind. 20 (21); *Second Nat'l Bank* v. *Hill,* 76 Ind. 223 (229); *Mayor, etc.,* v. *Stout,* 52 N. J. L. 35; *Brown* v. *Flanders,* 80 Ga. 209.

It is no doubt true that the wrongful failure of a creditor to sue where he is required to bring suit in the mode prescribed by law will release the surety, but to have this effect the surety must do what the law directs. He can not disregard the law and choose his own mode of procedure. If he selects a mode of procedure of his own he has no one to blame but himself if he finds that his effort has not borne fruit. Our statute offers the creditor a simple, plain and efficacious remedy, and if he does not pursue it he can not successfully complain. As said in *Franklin* v. *Franklin,* 71 Ind. 573, "As this remedy is purely statutory, one seeking its benefits must bring his case fairly within its terms." This is

the doctrine of many cases. *Fensler* v. *Prather*, 43 Ind. 119, and cases cited; *Conway* v. *Campbell*, 38 Mo. App. 473; *Coykendall* v. *Constable*, 48 Hun, 360; *Lawson* v. *Buckley*, 49 Hun, 329. The surety must either pay what he has undertaken to pay, or else do what the statute bids him. *Harris* v. *Newell*, 42 Wis. 687; *Dane* v. *Corduan*, 24. Cal. 157; *Smith* v. *Freyler*, 1 Pac. 214; *Halstead* v. *Brown*, 17 Ind. 202; *Kaufman* v. *Wilson*, 29 Ind. 504; *Savage* v. *Carleton*, 33 Ala. 443; *Bethune* v. *Dozier*, 10 Ga. 235; *Baker* v. *Kellogg*, 29 Ohio St. 663. The principle here asserted was declared and enforced in the case of *Barnes* v. *Sammons*, 128 Ind. 596.

The argument of appellant's counsel is refuted by the suggestion that it is not the right of a party to substitute a remedy of his own for one provided by law, and what is said as to the solemnity of a notice by suit tends to impress us that the doctrine contended for is a pernicious one, rather than a salutary one. It is pernicious, because a party ought not to be vexed by a suit when a simple notice will secure him ample relief. It is pernicious, because the object of the law is to prevent litigation, not to encourage it.

It is evident from what we have said that, even if we should consider the exhibits as part of the pleadings and assign to them the effect ascribed to them by the appellant, the result would be the same, for the suit, no matter what its character, could not operate as a notice.

It is proper to suggest that we do not consider the effect of the judgment in the case brought by the appellant, but if we should, the probability is that we should be compelled to treat it as a former adjudication, conclusively precluding the appellant from setting up any such defence as that here attempted to be pleaded.

So far as concerns the general statements of fraud it is enough to say that no facts are pleaded constituting fraud, and that epithets can not supply the place of substantive facts.

The questions arising on the cross-complaint are the same as those presented by the answer, and they are disposed of by what we have said regarding the latter pleading.

Judgment affirmed.

MILLER, J., did not take any part in the decision of this case.

Filed Sept. 17, 1891; petition for a rehearing overruled Nov. 18, 1891.