## McMillin *v.* Deardorff.

[No. 2,338.    Filed November 3, 1897.]

Principal and Surety.—*Release of Surety.—Notice.—Bills and Notes.—Statute Construed.*—A notice given by surety to the payee of a note: "Sue the note which I signed as surety for Rue, or I will not continue to be responsible as surety," is insufficient to release the surety under sections 1224, 1225, Burns' R. S, 1894, if suit is not brought on the note within a reasonable time after receiving such notice.

From the Tippecanoe Circuit Court.    *Affirmed.*

*C. M. Bright,* for appellant.

*Stallard & Son,* for appellee.

Black, J.—In an action brought by the appellee against one Jerome Ruch and the appellant, commenced before a justice of the peace, upon a promissory note made by the defendants, payable to the plaintiff, dated March 28, 1895, and due nine months thereafter, the appellant answered that he signed the note only as surety; that on or about the 31st day of January, 1896, he served a notice in writing on the appellee as follows: "Jan. 31, 1896.    Mr. ————: Sue the note which I signed as surety for Rue, or I will not

continue to be responsible as surety.   A. B. McMillin."

It is alleged that the name "Rue" in said notice is *idem sonans* with the name Ruch in said note, and was so understood by the appellee; that although said Ruch, the principal on said note, was, at the time said notice was served on the appellee, and still was, a resident of Tippecanoe county, State of Indiana, appellee had wholly failed to sue on said note "within a reasonable time, as required by said notice;" that at the time said notice was served, said note was, and it still was, the only note held or owned by the appellee on which the appellant's name appeared in any capacity.

The court below, on appeal, sustained the appellee's demurrer to this answer.

The statutory provisions under which the appellant thus sought discharge are as follows: "Any person bound as surety upon any contract in writing for the payment of money or the performance of any act, when the right of action has accrued, may require, by notice in writing, the creditor or obligee forthwith to institute an action upon the contract."   Section 1224, Burns' R. S. 1894 (1210, Horner's R. S. 1896).

"If the creditor or obligee shall not proceed within a reasonable time to bring his action upon such contract, and prosecute the same to judgment and execution, the surety shall be discharged from all liability thereon."   Section 1225, Burns' R. S. 1894 (1211, Horner's R. S. 1896).

The surety is discharged if the creditor do not proceed to bring his action within a reasonable time after the surety shall have required the creditor, by notice in writing, forthwith to institute an action.

The right which the appellant sought to pursue is not a common-law right, but is purely statutory; and it abridges the common-law right of the creditor to indulge the principal  debtor  by delay.   The surety's

right can be enforced only by proceeding according to the method provided by the statute. Also, it is to be observed, the statute is remedial, and all that can be required of the surety to effectuate his discharge is to bring his act within the meaning of the statute. See *Fensler* v. *Prather*, 43 Ind. 119, 123; *Scales* v. *Cox*, 106 Ind. 261; *Daily, Admr.*, v. *Robinson*, 86 Ind. 382; *Barnes* v. *Mowry*, 129 Ind. 568.

Where relief is sought under the statute, reliance must be had upon its express terms. *Scales* v. *Cox, supra.*

A notice which does not so far conform to the statute as, by the language used in it, to require the creditor forthwith to institute an action upon the contract, is not sufficient to require him to "proceed within a reasonable time to bring his action." See *Fensler* v. *Prather, supra.*

In *Porter* v. *National Bank*, 54 Ohio St. 155, 43 N. E. 165, it was held by the supreme court of Ohio, that the notice should contain a peremptory requirement of the surety on the creditor to commence suit "forthwith," or some equivalent language; and that a written notice, that "unless you hear from us to the contrary by 10 a. m. to-morrow, December 17, 1891, we require you to take judgment on the D. J. McConnel note," signed by the sureties on the note, was not sufficient.

The word "forthwith" adds something to the meaning of the words with which it is used in the statute. It is not enough, therefore, simply to require the creditor, in the notice, "to institute an action upon the contract," but some form of words must be used which will be equivalent to the requirement "forthwith to institute an action on the contract."

It is not necessary for the surety to say in the notice that he will not continue to be responsible as surety

if action be not brought, but proper effect should be given to all the language of the notice in determining whether or not it sufficiently conforms to the statute.

The notice before us may be said to direct the creditor to institute an action, with a declaration that if this be not done the surety will not continue to be responsible as such. Of course, under a notice strictly complying with the statute in all respects, the surety could not cease to continue to be responsible immediately upon the giving of the notice. A reasonable time for the bringing of the action would have to elapse before he could claim his discharge because of failure to bring the action. The language of the notice now under examination may as well be said to be a direction to sue in a reasonable time as it may be said to be a direction to sue forthwith, or immediately, or at once; but the statute requires the use of language equivalent to a requirement "forthwith to institute an action," etc.

We are inclined to agree with the view which the court below seems to have taken, that this requirement was not sufficiently observed in the notice, and we will not discuss any other features of the notice or averments of the complaint.

The judgment is affirmed.