## FRYE *v.* EISENBIESS ET AL.

[No. 8,282. Filed April 22, 1914.]

1. PRINCIPAL AND SURETY.—*Release of Surety.—Statutory Provisions.*—Section 1267 Burns 1914, §1210 R. S. 1881, providing that when the right of action has accrued, any surety upon a contract in writing for the payment of money may require, by notice in writing, the creditor or obligee forthwith to institute an action thereon, is remedial, but a surety must bring himself within its provisions by giving a proper notice in order to procure his release under §1268 Burns 1914, §1211 R. S. 1881. p. 125.

2. PRINCIPAL AND SURETY.—*Release of Surety.—Statutes.—Sufficiency of Notice.*—Under §1267 Burns 1914, §1210 R. S. 1881, providing that when the cause of action has accrued, a surety may require the creditor, by notice in writing, to forthwith sue on the contract, the notice, to be sufficient, must be peremptory, should not be misleading, and should unconditionally require the commencement of an action forthwith. p. 126.

3. PRINCIPAL AND SURETY.—*Release of Surety.—Notice to Sue.—Sufficiency.*—A notice given by a surety to the payee of certain notes executed by a corporation as maker, which recites that the surety has disposed of his holding in such corporation, that the payee shall extend no further credit on the strength of the indorsement and on notes given by the corporation, that the notes fall due on demand, and that the surety wants the payee to enforce collection or consider his indorsement cancelled, was insufficient as a notice under §1267 Burns 1914, §1210 R. S. 1881, to work a release of the surety from liability under the provisions of §1268 Burns 1914, §1211 R. S. 1881, on failure of the payee to sue within a reasonable time. p. 127.

From Elkhart Circuit Court; *James S. Drake,* Judge.

Action by Charles M. Eisenbiess and others against Cyrus E. Frye. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

*James L. Harman, John W. Hanan, Louis B. Ewbank* and *J. Frank Hanan,* for appellant.
*James H. State,* for appellees.

HOTTEL, J.—The only questions involved in this appeal are questions of law presented by the pleadings. The essential facts alleged in the complaint are in brief, substantially as follows: On December 31, 1907, the Valley Paper Company, a corporation, as principal, and appellant, appellees and certain others now insolvent, as joint sureties, executed and delivered to the First State Bank of Elkhart, Indiana, five promissory notes, each for $1,000 bearing interest and payable on demand. The bank demanded payment of the notes shortly after maturity and the principal failed and refused to pay. On November 10, 1910, the Valley Paper Company was adjudged insolvent, and was on that day and still is insolvent and unable to pay its debts. On April 24, 1911, appellees, to avoid suit, were compelled to and did pay to the said bank the sum of $5,375, in satisfaction of the principal and interest then due on the notes. This amount was the combined contributions of the appellees. Appellant was requested to contribute his share of the notes and he refused. The share due to appellees from appellant as his contributive share of the principal and interest so paid by appellees on the notes is $488.63. This amount was demanded of appellant before suit and payment was refused. Judgment was prayed in the sum of $600.

A demurrer to this complaint was overruled; but as to such ruling nothing is presented by appellant's brief. Appellant filed an answer in four paragraphs, the first a general denial, afterwards withdrawn, and three affirmative paragraphs. A demurrer to each of the affirmative answers was sustained, and appellant refusing to plead over, judg-

ment was rendered against him and in favor of appellees for $488.63, costs, etc. An appeal was prayed and the rulings on the demurrers to each of the answers are here separately assigned as error and relied on for reversal.

Appellant's defense is based on §§1267, 1268 Burns 1914, §§1210, 1211 R. S. 1881, which read as follows: §1267. "Any person bound as surety upon any contract in

1. writing for the payment of money or the performance of any act, when the right of action has accrued, may require, by notice in writing, the creditor or obligee forthwith to institute an action upon the contract." §1268. "If the creditor or obligee shall not proceed within a reasonable time to bring his action upon such contract, and prosecute the same to judgment and execution, the surety shall be discharged from all liability thereon."

Each of the paragraphs of answer contains a copy of a notice averred to have been given to the obligee bank, which reads as follows:

"Elkhart, Ind., U. S. A., Oct. 5, 1908.
First State Bank, City. Gentlemen—The writer having disposed of his holdings in the Valley Paper Company begs to advise you that you do not extend any further credit on the strength of his endorsement and on notes given by Valley Paper Company. These notes fall due on demand and I want you to enforce collection or consider my endorsement cancelled. Kindly acknowledge receipt of this notice and oblige. Yours very truly, Cyrus E. Frye."

In our view of the case a determination of the first question raised by appellant's brief, viz., the sufficiency of such notice as a compliance with §1267, *supra*, will dispose of the appeal. This statute abridges the common-law right of the creditor to indulge the principal debtor by delay, and the surety's right thereunder can be acquired only by proceeding according to the method therein provided. It should be stated, however, in this connection, that "the statute is remedial, and all that can be required of the

surety to effectuate his discharge is to bring his act within the meaning of the statute.'' *McMillin* v. *Deardorff* (1897), 18 Ind. App. 428, 48 N. E. 233.   See, also, *Scales* v. *Cox* (1886), 106 Ind. 261, 6 N. E. 622; *Halstead* v. *Brown* (1861), 17 Ind. 202; *Kaufman* v. *Wilson* (1868), 29 Ind. 504; *Fensler* v. *Prather* (1873), 43 Ind. 119, 123; *Daily* v. *Robison* (1882), 86 Ind. 382, 385; *Barnes* v. *Mowery* (1891), 129 Ind. 568, 28 N. E. 535; *Franklin* v. *Franklin* (1880), 71 Ind. 573, 575.   Appellant in effect concedes that the statute in question should be construed as indicated, but insists that under such construction his notice is sufficient.

In considering the effect to be given to the word ''forthwith'' as used in the section, this court in *McMillin* v. *Deardorff*, *supra*, said, ''The word 'forthwith' adds something to the meaning of the words with which it is used in the statute.   It is not enough, therefore simply to require the creditor, in the notice, 'to institute an action upon the contract,' but some form of words must be used which will be equivalent to the requirement 'forthwith to institute an action on the contract.' '' To the same effect, see *Edmondson* v. *Potts* (1910), 111 Va 79, 68 S. E. 254, 21 Ann. Cas. 1365; *Franklin* v. *Franklin*, *supra;* *Haskell* v. *Beers* (1906), 16 Ohio Dec. 368, 371; *Porter* v. *National Bank* (1896), 54 Ohio St. 155, 43 N. E. 165. In *Haskell* v. *Beers*, *supra*, in considering the sufficiency of a notice under a similar statute, the court said: ''it is not necessary that the notice contain the exact language of the statute.   It is sufficient if the notice substantially complies with the requirements of the statute.   But the notice must contain the following essentials, to wit:   (1) It must be peremptory. It must 'require' the (2) 'Commencement of an action'; (3) 'Forthwith'; (4) It must be unconditional, and (5) It must not be misleading, but should be easily understood. * * * The statute says 'forthwith', and unless that term or some similar language, such as 'at once' is used, to indi-

cate that prompt action is demanded, or something in the notice shows it to be adversary, it is not sufficient.''

The first sentence of the notice under consideration is not peremptory in tone but advisory only and relates to the bank's extension of credit generally to the ''Valley Paper Company'' on the strength of appellant's endorsement. This sentence adds little if anything to the force or effect of the writing as a notice under the statute in question. The second sentence expresses a desire only that the bank enforce collection or consider appellant's endorsement, as cancelled. This language indicates that the appellant labored under the mistaken idea that the bank might, at its option, on receipt of the notice either sue or cancel appellant's obligation as surety on such note, when, in fact, his release under the statute could only result after the expiration of a reasonable time after the receipt of such notice within which the obligee might bring a suit, and as a result of the failure of the obligee without legal excuse to bring such suit within such time. §1268 Burns 1914, §1211 R. S. 1881; *McCoy* v. *Lockwood* (1880) 71 Ind. 319; *Conklin* v. *Conklin* (1876), 54 Ind. 289; *Sims* v. *Parks* (1869), 32 Ind. 363. The language used indicates no demand or notice to bring suit forthwith, or at any time, but only a desire that collection be enforced or that appellant's endorsement be considered cancelled. The notice in *McMillin* v. *Deardorff, supra,* reads: ''Jan. 31, 1896. Mr. ——: Sue the note which I signed as surety for Rue, or I will not continue to be responsible as surety. A. B. McMillin.'' This language is more emphatic than that in the notice under consideration. That case was decided in 1897, and has not been criticised or overruled and seems to be supported by the weight of authority in this and other jurisdictions. See *Scales* v. *Cox, supra; Kaufman* v. *Wilson, supra; McCoy* v. *Lockwood, supra; Edmonson* v. *Potts, supra; Haskell* v. *Beers, supra; Kennedy* v. *Falde* (1886),

4 Dak. 319, 325, 326, 29 N. W. 667; *Lockridge* v. *Upton* (1857), 24 Mo. 184; *Hill* v. *Sherman* (1863), 15 Iowa 365. If the statute is to be construed with the strictness indicated, when the question of its application is between the obligee of the contract sued on and the surety thereon, there can certainly be no reason for a more liberal construction in a case like the present where the question of its application is between cosureties, and affects the question of contribution between them.

Our conclusion as to the sufficiency of the notice renders unnecessary other reasons urged by appellee in support of the ruling of the trial court on the demurrers to the answers. Judgment affirmed.

NOTE.—Reported in 104 N. E. 995. As to effect of request by surety that creditor sue, see 115 Am. St. 89. For a discussion of the sufficiency of a notice to the creditor to sue the principal as to form in order to discharge a surety, see 21 Ann. Cas. 1367. See, also, under (1) 32 Cyc. 103; (2) 32 Cyc. 104; (3) 32 Cyc. 104, 105.