## REIMAN *v.* TERRE HAUTE SAVINGS BANK.

[No. 14,304. Filed March 31, 1932. Rehearing denied July 27, 1932. Transfer denied May 17, 1933.]

*Beasley, Aikman, O'Brien & Beasley,* for appellant.

*Harry J. Baker* and *Donald Baker,* for appellee.

KIME, J.—The appellee brought suit against appellant's decedent, White, and one Shea on a promissory note which White had signed as surety. The note was payable to and at Terre Haute Savings Bank, Terre Haute, Indiana. To this appellant filed an answer of general denial. The maker, Shea, was then defaulted and judgment rendered against him. The cause was continued as to White, who then filed a cross-complaint, to which was filed a general denial. This appellant then filed an amended third paragraph of answer which alleged that White, on July 27, 1929, had notified the appellee to bring suit immediately; that suit was not brought until October 1, 1929; that judgment was rendered against Shea on November 7, 1929; that execution has never been issued upon said judgment; that Shea was at all times a resident of Vigo County; that Shea owned real estate in that county producing $2,280.00 per year income; that he owned personal property of which appellee had knowledge and which was pledged to appellee.

Appellee filed a demurrer on the ground that the answer does not state facts sufficient to constitute a cause of defense to said complaint. This demurrer was sustained and judgment rendered against appellant December 30, 1930.

The errors assigned are the sustaining of the demurrer and the rendering judgment against appellant.

The statute involved here is Secs. 1288 and 1289 of Burns Ann. St. 1926, being part of the acts of the special session of 1881 at p. 240. It is here set out: "Any person bound as surety upon any contract in writing for the payment of money or the performance of any act, when the right of action has accrued, may require, by notice *in writing,* the creditor or obligee *forthwith* to institute an action upon the contract.

"If the creditor or obligee shall not proceed within a reasonable time to bring his action upon such contract and *prosecute* the same to judgment and *execution,* the surety shall be discharged from all liability thereon." (Our italics.)

The only question presented is whether or not the notice given was sufficient and, if sufficient, whether or not the same was prosecuted to execution within a reasonable time.

The notice relied upon is as follows:

"Terre Haute, Indiana
July 27, 1929.

Mr. R. N. Filbeck, c/o Terre Haute Savings Bank.
6th and Ohio Streets,
Terre Haute, Indiana.

Dear Sir:

You have sent me notice that the Dennis Shea note of $300.00 is past due.

This is to advise you that I wish you to bring suit on note immediately to clean up this paper. This is about the only way that same can be settled. Thanking you in advance, beg to remain,

Yours very truly,
W. R. White."

As an indication of what the appellee considered the above we quote the following letter of August 6, 1929:

"I wish to acknowledge receipt of your letter of July 27 with reference to the Dennis Shea note of $300.00 past due. We will proceed along the lines as suggested by you and hand this note to our attorney for collection.

R. N. Filbeck, Pres."

Suit was not filed thereon until October 1, 1929.

The statute is remedial legislation and should be construed liberally to one complying fairly with its terms.

1-4. The meat of the statute is:—surety required by notice in writing creditor to institute action forthwith. Here the surety, White, notifies in writing appellee to bring suit immediately. All of the statutory requisites are here. *McMillin* v. *Deardorff* (1897), 18 Ind. App. 428, 48 N. E. 233; *Franklin* v. *Franklin* (1880), 71 Ind. 573; *Frye* v. *Eisenbeiss* (1914), 56 Ind. App. 123, 104 N. E. 995.

From the above it is clear that appellant brought himself within the first clause of the statute so that he can claim the benefit of the second. The prosecution must continue to execution within a reasonable time.

Judgment was secured November 7, 1929, and no execution was even caused to be issued thereon at the time the answer was filed, more than a year having elapsed.

This is an unreasonable time since cases of forty-five, and fifty-two days have been held by our courts to be unreasonable. *Bishop* v. *Yeasle, Admr.* (1842), 6 Blackf. 127; *Martin* v. *Orr* (1884), 96 Ind. 491; *Wilson* v. *Binford, Admr.* (1876), 54 Ind. 569; *Dailey* v. *Robinson* (1882), 86 Ind. 382.

The judgment of the Vigo Superior Court No. 2 is reversed with instructions to overrule appellee's demurrer to appellant's amended third paragraph of answer.