BROWN *et al. vs.* FLANDERS BROTHERS.

Where a promissory note was made by several parties; one of whom died, it was no sufficient defence for the others, in a subsequent suit on the note, to show that they were sureties, the decedent being the principal; that they had notified the plaintiffs after the note became due to proceed against the estate of the principal by suit, which the plaintiffs agreed to do but had not done; that the plaintiffs had not proceeded to have letters of administration upon the estate of the decedent issued, and had suffered the property to be removed or disposed of. There was no obligation upon the part of the plaintiffs to procure such letters of administration; but if an administration was necessary to protect the estate from

v 80-14

being squandered, the sureties should have protected their own interests by procuring letters to be issued; nor were they relieved from liability on the note by the failure of the plaintiffs to do so.

February 1, 1888.

Principal and surety. Debtor and creditor. Administrators and executors. Before Judge HARRIS. City court of Macon. March term, 1886.

The note sued on was as follows:

"On or before the 10th of November next, we promise to pay Flanders Brothers or bearer one hundred ($100) at office of Flanders Bros., Macon, Ga., interest having been agreed on at the rate of 8 per centum per annum and included herein; and if this note is not paid at maturity, promise to pay the same rate of interest until paid, and also all attorneys' fees and all costs incurred in its collection (not more than ten per centum for attorneys' fees). We hereby create a mortgage in your favor upon all the property we now own in Bibb county for the payment of this note, and waive for ourselves and family the right to take a homestead or exemption of personalty in the same, as well as in any other property we may hereafter acquire; and guarantee to deliver to Messrs. Flanders Bros. 5 bales of cotton this season for sale and storage, and if the number of bales above are not received by Flanders Bros., we agree to pay one dollar and fifty cents per bale on cotton not received, for value received."

One of the grounds of the motion for a new trial assigned error upon the following instructions of the court to the jury: "At law, a notice by a security to sue must be in writing, in order to avail the securities at all; if not in writing, the securities are not released. There was no duty on the plaintiffs to take out letters of administration on the estate of the principal, and their failure to do so does not release the securities." There was testimony that plaintiffs promised one of the securities to sue on the note a year before they did so, and that there was property of the principal that could have been reached at the time of the promise.

The decision states the other facts.

M. G. BAYNE, by brief, for plaintiffs in error.

HARDEMAN & DAVIS, by brief, *contra.*

BLANDFORD, Justice.

Flanders Brothers brought their action in the city court of Macon against H. C. Brown, J. L. Cherry and John F. Grace (the plaintiffs in error here), on a promissory note made by George F. Cherry and the plaintiffs in error; George F. Cherry having died before the suit was brought. The plaintiffs in error pleaded to this action that they were only securities on the note, and that George F. Cherry was the principal; that Flanders Brothers had not proceeded to have administration upon the estate of Cherry, and had allowed the estate to be removed or disposed of, thereby increasing the liability of the sureties; and that after the note became due, they had notified Flanders Brothers to proceed against the estate of the principal by suit, and that Flanders Brothers had agreed to proceed as requested, but had failed to do so.

The court below substantially ruled that the request by these plaintiffs in error to Flanders Brothers to proceed on the note against the estate of George F. Cherry, and their promise to do so, raised no legal obligation on the part of Flanders Brothers to take out letters of administration on the estate of Cherry; and the court instructed the jury that this was not a good defence to the note. A verdict was had for Flanders Brothers, and a motion for a new trial was made; and this ruling of the court is the main ground relied upon in the motion.

We think the ruling of the court on this point was correct. If the plaintiffs in error desired administration upon the estate of George F. Cherry, they ought to have proceeded to obtain administration themselves. There was no obligation upon the part of Flanders Brothers to do so; they did not agree with the sureties that they would do so; they said they would proceed on the note. If any administration was necessary to protect the property of Cherry from being squandered, the sureties ought to have

looked to their own interests and proceeded to obtain administration; it did not devolve on the holders of this note to do so, and their failure to do so did not relieve the sureties of their liability.

Judgment affirmed.