### JAMES *v.* SOUTHERN ELECTRICAL WORKS.

SIMMONS, C. J.   When the maker and indorser of a promissory note were sued thereon in a State court and thereafter the property of the maker passed into the hands of a receiver appointed by the United States circuit court, the payee of the note was under no obligation, upon the demand of the indorser, to file an intervention in the United States court, although by so doing he might have recovered the amount of his note from the assets of the maker; and a failure to do so will not relieve the indorser from liability on the note.   *Brown* v. *Flanders*, 80 *Ga.* 209; *Nance* v. *Winship Machine Co.*, 94 *Ga.* 649.

*Judgment affirmed.    All the Justices concurring.*

Submitted June 17,—Decided July 27, 1899.

Complaint.   Before Judge Janes.   Douglas superior court. November term, 1898.

James, as indorser of a promissory note of the Douglasville Hosiery and Cotton Mills Company to the Southern Electrical Works, was, with the maker, sued thereon by the payee, and filed a plea alleging that when the note became due the maker was solvent; that after the suit had been brought the maker was placed in the hands of a receiver, by the circuit court of the United States for the northern district of Georgia, its property sold by the receiver, and a sufficient sum realized to pay all the debts of the maker; that after the appointment of the receiver, and before or soon after the property had been ordered sold, defendant James demanded of the plaintiff that it intervene in the case in the United States court, and set up its claim and participate in the fund to be raised in that court; that it was the plaintiff's duty to be made a party to that case; and had it followed his direction it would have received its money

from the receiver. The court, on motion, struck the plea as insufficient, and rendered judgment for the plaintiff. James excepted.

*J. S. James* and *Price Edwards*, for plaintiff in error.
*Roberts & Hutcheson* and *Tompkins & Alston*, contra.